**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5199**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PATRICK WAYNE DULA,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Jr., District Judge. (1:09-cr-00035-WO-1)

Submitted: May 20, 2010          Decided: May 24, 2010

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sol Z. Rosen, Washington, D.C., for Appellant. Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick W. Dula pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Dula to a total of eighty-seven months of imprisonment and ten years of supervised release. On appeal, Dula argues that the district court abused its discretion in imposing a ten-year term of supervised release on the drug count because the plea agreement and the plea hearing colloquy pursuant to Fed. R. Crim. P. 11 only mentioned a minimum of three years of supervised release. We affirm.

Dula did not object to the district court's imposition of the ten-year term of supervised release in the district court, and we therefore review his claim under the plain error standard of review. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To demonstrate plain error, Dula "must show that an error (1) was made, (2) is plain (i.e., clear and obvious), and (3) affects substantial rights." Id.

In this case, the drug count carried a maximum of twenty years of imprisonment and a period of at least three years of supervised release. The statute specifying the maximum punishment does not state a maximum term of supervised release.

21 U.S.C. § 841(b)(1)(C); see United States v. Pratt, 239 F.3d 640, 647-48 n.4 (4th Cir. 2001) ("[A] defendant convicted under 21 U.S.C. § 841(b)(1)(C), could, in theory, receive a term of supervised release of up to life."). Consistent with the statutory provision, the plea agreement stated that Dula understood that, as to the drug count, he "shall be sentenced to a term of imprisonment of not more than twenty years, a fine not to exceed $1,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least three years in addition to such term of imprisonment." Thus, Dula was clearly given notice in the plea agreement that three years was the minimum term of supervised release, not the maximum.

In accepting a guilty plea, the district court must inform a defendant during the plea hearing of, among other things, "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H). In this case, the district court conducted a thorough colloquy with Dula that ensured he understood the proceedings, the charges to which he was pleading guilty, and the terms of the plea agreement. The court specifically informed Dula that "the maximum possible penalty that could be imposed as to Count 1 includes a term of imprisonment of not more than 20 years, a period of supervised release of not less

3

than 3 years, a fine of not more than $1 million or twice the gross gain or loss caused by the violation, whichever is greater, a special assessment of $100." Dula indicated that he understood these possible penalties.

Dula's citation of the supervised release provisions in the sentencing guidelines is misplaced. The guidelines specifically provide that "[t]he term of supervised release shall not be less than any statutorily required term of supervised release." U.S. Sentencing Guidelines Manual § 5D1.2(c) (2008). Thus, the guidelines do not limit the term of supervised release in this case. Finally, the district provided a reasoned explanation, based on Dula's prior drug convictions, supporting its decision to impose the specific term of supervised release on the drug count.

The district court did not err in imposing the ten-year term of supervised release on the drug count. Accordingly, we affirm Dula's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED